(No. 2193—

STEVEN URECH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*

WALTER J. FRIED, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On June 10, 1931, claimant was awarded a contract for the construction of a three-span girder bridge on S. B. I. Route No. 51, for the sum of Twenty-five Thousand Seven Hundred Sixty-nine Dollars and Eighty-three Cents ($25,-769.83). The improvement was officially known as Federal Aid Project No. 140, Section No. 511 V-B, Cook County, and was to be completed by August 15, 1931. The contract provided, among other things, that the "Standard Specifications for Road and Bridge Construction" adopted by the Department of Public Works and Buildings on February 1, 1930,

should be an essential document of such contract, and a part thereof.

Claimant asked for and received an extension of time to January 1, 1932, for the completion of his contract. The work was completed within the time limit as so extended, and final payment was received by claimant on January 1, 1932.

Claimant contends that he was delayed in starting work on account of the fact that one Dan Longo, who had the contract for the grading work, did not get out of his way until August 18th, three days after the time originally set for the completion of the work; also that he was delayed two weeks on account of a change in the plans made by the State Engineer relative to the footings of the west embankment; and further contends that on account of the fact that he was unable to commence work until August 18th, whereas he should have had the contract completed by August 15th, he was compelled to work during colder weather than he anticipated when he entered into the contract, and was thereby required to pay out and expend the sum of Three Hundred Sixty-one Dollars and Twenty-six Cents ($361.26), for labor, insurance, hot water, coke, salamanders, straw, etc., which he would not have been required to pay, had he not been delayed as aforesaid, and asks to be reimbursed in that amount.

The Attorney General contends that the claimant is not entitled to an award, and relies on the terms and provisions of the contract, as well as Section nineteen (19) of Article four (4) of the Constitution.

The Standard Specifications for Road and Bridge Construction which are a part of the contract provide (in part) as follows:

"The acceptance by the contractor of the last payment as aforesaid shall operate as and shall be a release to the department from all claims or liability under this contract for anything done or furnished or relating to the work under this contract, or for any act or neglect of said department relating to or connected with this contract."

Section nineteen (19) of Article four (4) of the Constitution provides as follows:

"The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such

unauthorized agreements or contracts shall be null and void; *Provided*, the General Assembly may make appropriations for expenditures \* \* \* \*."

There is nothing in the contract between the claimant and the respondent which makes any reference to the work being done by the grading contractor, Dan Longo, nor is there anything in such contract which gives the claimant herein any rights superior to those of said Longo.

The evidence shows that at the time the contract between the claimant and respondent was signed, to-wit, June 27, 1931, Longo was still working on his contract, and claimant had knowledge of that fact. If claimant wished to protect himself against delays on the part of the grading contractor, he should have insisted on a provision in the contract giving such protection; having failed to do so, he cannot at this time recover extra compensation under the contract. Furthermore, under the aforementioned provisions of the contract, the acceptance of the final payment by the claimant constituted a release of the respondent from all claims under the contract.

Considering the terms and provisions of the contract in question, and the constitutional provision above referred to, we would not be justified in allowing an award upon the record before us.

Award is therefore denied and the case dismissed.